## Schoenberger et al. v. Baur Baking Company.

*Frank R. S. Kaplan*, for plaintiff.
*William N. McNair* and *Robert B. Riley*, for defendant.

SOFFEL, J., January 22, 1931.—On March 31, 1930, the defendant company employed the plaintiff as a driver on one of its bakery trucks. To secure the charges which it might have against plaintiff on its books by reason of

shortage on route book, disputed and uncollectible customer accounts beyond the authorized first week, it obtained from the plaintiff a cash deposit of $100.

The plaintiff, a minor aged nineteen, brings this suit, by his mother and next friend, to recover the said deposit.

The defendant is a corporation engaged in the baking business. The plaintiff was employed to deliver bread and make collections for bread sold on his route. The plaintiff was subsequently dismissed by the defendant. He had been paid his wages during his employment. At the time of his dismissal he was short in his account to the said defendant in the sum of $120. The plaintiff now seeks to recover, on the ground of infancy, the $100 deposited with the defendant at the inception of his employment.

The question for consideration is whether a minor who has entered into a contract of employment and deposited money with an employer to secure him against shortages, etc., can upon termination of the employment recover the sum so deposited.

The court is of the opinion that the minor cannot recover in this case for the following reasons:

1. Under the Child Labor Act of May 13, 1915, P. L. 286, a minor aged sixteen may contract for employment, subject to certain exceptions as set forth in the said act. At the time the minor in this case contracted for employment he was over the age of sixteen. The contract here is completely executed; the contract is a valid one under the law.

2. It is admitted in this case that the minor is short in his account to the defendant in the sum of $120. This is $20 greater than the amount deposited. At the time the plaintiff began to work for the defendant this $100 deposit was made by the plaintiff as security against shortages. To permit the minor to recover his deposit would in effect be a failure to recognize the rule established by a long line of decisions, that even though a minor may have the right to avoid certain contracts, he must, as a condition precedent, return the consideration, unless he has squandered it or dissipated it. In other words, he is bound to make the other party to the contract as nearly whole as possible. To permit the plaintiff to recover the deposit would in this case give him, in addition to the wages that were earned, the $120 which he admittedly is short, and the additional sum of $100. The court looks upon this initial deposit as in the nature of a bond, subject to accounting between the parties at the termination of the contract. The contract here was for the benefit of the minor; was a valid contract under the law; has been terminated by virtue of the minor's own acts of indiscretion. The minor has in no way been injured, but has in fact benefited, and to permit a recovery in this case would be grossly unjust.

3. By a long line of decisions, contracts of minors for necessaries are sustained. The court looks upon this contract of employment in substantially the same light as a contract for necessaries. The minor here obtained a means of making a living, and as consideration for obtaining the employment he was required to deposit $100, which was to be set off against any shortages that might accrue in his accounts. The case is an exception from the usual cases where infancy is pleaded, and that defense should not be permitted to avail under the facts cited.

*Order.*

And now, to wit, January 22, 1931, judgment is entered for the defendant.

From William J. Aiken, Pittsburgh, Pa.